**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **RANBIR SINGH CHEEMA** | **CIVIL CASE NO. 26-1457 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **JENA DETENTION CENTER, ET AL** | **MAG. JUDGE WHITEHURST** |

# MEMORANDUM RULING AND ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (R. Doc. 1) filed by Petitioner Ranbir Singh Cheema ("Cheema"), an immigration detainee at the Jena Detention Center in Jena, Louisiana. The federal Respondents ("the Government") answered the Petition (R. Doc. 6). Cheema replied (R. Doc. 7) and filed a Notice of Supplemental Authority (R. Doc. 8) to which the Government also responded (R. Doc. 9).

After careful consideration of the record, the parties' memoranda, and the applicable law, the Petition is **DENIED**.

## I. BACKGROUND

Cheema is a native and citizen of India. *See* R. Doc. 1 at 4. The parties dispute the facts surrounding Cheema's entry to the United States. Cheema claims he first entered the United States on or about May 10, 2023, near Seattle, Washington. *See id*. He further claims he was "admitted or paroled into the United States and was permitted to pursue his asylum claim while released from custody as a refugee." *Id*. The Government claims Cheema was not previously admitted or paroled into the

country and was "actually first encountered by Border Patrol on March 5, 2026" and "determined [Cheema] had an alien number that was previously generated from a pending application with U.S. Citizenship and Immigration Services." *See* R. Doc. 6 at 6. According to DHS's Record of Deportable/Inadmissible Alien, Chema admitted after being detained on March 5, 2026, that he entered the country without inspection. *See* R. Doc. 6-1 at 3. A Notice to Appear was issued on June 24, 2024, charging him inadmissible under INA § 212(6)(A)(i) for being "present in the United States without being admitted or paroled[.]" See R. Doc.6-2 at 1. The Government contends this Notice to Appear was generated by a Supervisory Asylum Officer based on Cheema's application and not by Border patrol. *See* R. Doc. 6 at 7.

On April 9, 2026, Cheema's application for asylum and withholding were denied, and he was ordered removed to India. *See* R. Doc. 6-3 at 3–6. Cheema appealed his removal order on May 8, 2026, which remains pending according to the Executive Office for Immigration Review.[1] Accordingly, the removal order is not yet administratively final.

## II. LAW AND ANALYSIS

Cheema challenges his detention on statutory, procedural due process, substantive due process, and regulatory grounds.

### a. Statutory Challenge

Cheema argues that he is detained under 8 U.S.C. § 1226(a) rather than § 1225(b) and is thus entitled to a bond hearing. *See* R. Doc. 1 at 15–16. The

[1] https://acis.eoir.justice.gov/en/caseInformation

Government argues Cheema is subject to mandatory detention under § 1225(b), as interpreted by the Fifth Circuit in *Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. 2026). Under 8 U.S.C. § 1225(a)(1), a noncitizen who is present in the United States but has not been admitted is deemed an applicant for admission. Section 1225(b)(2)(A) generally requires the detention of an applicant for admission who is not clearly and beyond a doubt entitled to be admitted while removal proceedings are pending.

Here, *Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. 2026), forecloses any argument that Cheema is detained under the incorrect statutory provision. That conclusion, however, does not resolve Cheema's due process claim.

As this Court has frequently recognized, the question of whether Congress authorized detention under § 1225(b) is analytically distinct from whether the Government may revoke a liberty interest without affording constitutionally adequate process. *See Diallo v. Trump*, 1:25-CV-2012, 2026 WL 1230389 (W.D. La. Mar. 5, 2026); *Kilic v. Acuna*, 1:25-CV-01928, 2026 WL 1652575, at *2 (W.D. La. June 8, 2026); *Ghughunishvili v. Trump*, 3:26-CV-00086, ECF No. 13 (W.D. La. Mar. 20, 2026); *Garcia-Gil v. Acuna*, 1:26-CV-00207, ECF No. 10 (W.D. La. April 29, 2026); *Andrade-Cunalata v. Wyatt*, No. 3:26-CV-01155, 2026 WL 2059117 (W.D. La. July 16, 2026).

**b. Procedural Due Process Challenge**

Cheema argues his detention without an individualized bond hearing violates his procedural due process rights. *See* R. Doc. 1 at 13. The Government argues that

Cheema's mandatory detention under § 1225(b) requires no additional procedure to satisfy due process.

Neither *Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103 (2020), *Jennings v. Rodriguez*, 583 U.S. 281 (2018), nor *Buenrostro-Mendez* forecloses Cheema's constitutional claim. As this Court observed in *Diallo*, those decisions address Congress's statutory detention authority and the scope of constitutional protections afforded applicants for admission, but they do not answer the distinct question whether due process permits the Government to revoke an existing liberty interest without any individualized procedure.

Accordingly, the Court again applies the balancing test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Under *Mathews*, courts consider: (1) the private interest affected; (2) the risk of an erroneous deprivation through the procedures used and the probable value of additional procedural safeguards; and (3) the government's interests, including the burdens of additional procedures.

**i. Private Interest**

"The interest in being free from physical detention is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *Martinez v. Noem*, 5:25-CV-1007, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025). "[N]oncitizens acquire a protectable liberty interest when they spend years establishing a life in the interior of the United States, regardless of their citizenship status."

*Lopez Miranda v. Flores*, No. EP-25-CV-584-KC, 2025 WL 3901908, at *3 (W.D. Tex. Dec. 10, 2025) (citing *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *2 (W.D. Tex. Oct. 21, 2025). However, the liberty interest established may be greater for individuals who the Government have previously encountered and allowed them to remain at liberty while their immigration proceedings are pending. *See Diallo v. Trump*, No. CV 25-2012, 2026 WL 1230389 (W.D. La. Mar. 5, 2026) (finding that a petitioner acquired a protected liberty interest that the government could not revoke "at their whim, without any allegation that he failed to live up to the parole conditions" after spending more than a year released on his own recognizance in the United States); L*opez Miranda*, 2025 WL 3901908 (explaining that a noncitizen acquires a protectable liberty interest in remaining out of custody on bond).

Here, Cheema and the Government offer conflicting accounts of Cheema's entry into the United States, and whether Cheema was released into the United States by the Government is important to this analysis. The Court is persuaded by the Government's factual background because they have supported their allegations with documentation[2] and Cheema's own alleged statements to Border Patrol that he entered without inspection.[3] *See* R. Doc. 6-1 at 3. Therefore, while we find that Cheema developed a liberty interest by spending approximately three years in the

[2] The Notice to Appear was served on Cheema by regular mail. *See* R. Doc. 6-2 at 2. This lends support to the Government's position that Cheema did not physically encounter the Government until he encountered Border Patrol on March 5, 2026.

[3] The Petition itself seems unsure of Cheema's alleged prior detention and release: "If Petitioner was previously released on recognizance, parole, bond, or another discretionary release authority…" R. Doc. 1 at 19.

Unites States before being detained, that liberty interest is limited because he was in the country without permission. Thus, this factor leans in the Government's favor.

**ii. Erroneous Deprivation**

The second *Mathews* factor favors the Government. Because the Court is not persuaded that Cheema was detained and released prior to his March 5, 2026, detention, the Court likewise finds Cheema's arguments related to being re-detained unpersuasive. This is distinct from re-detention cases where this Court found there to be a significant risk of erroneous deprivation and additional procedures would provide valuable safeguards. *See Nefy Jonathan Garcia Zarate V. Warden River Correctional Center, Et Al*, No. CV 26-1628, 2026 WL 2861277, at *3 (W.D. La. Sept. 23, 2026) ("[N]otice of the reasons for re-detention and an opportunity to contest the factual issues surrounding the revocation of [petitioner's] liberty would provide meaningful procedural protection while leaving the ultimate statutory detention determination intact.").

**iii. Government's Interest**

The Government unquestionably possesses a substantial interest in enforcing the immigration laws enacted by Congress and in detaining those individuals whom Congress has made subject to § 1225(b).

Balancing the three *Mathews* factors, the Court concludes that the Government did not violate Cheema's procedural due process rights.

### c. Substantive Due Process and Regulatory Challenges

Cheema's remaining substantive due process and regulatory arguments also rely on the argument that his March 5, 2026, detention was a re-detention. *See* R. Doc. 1 at 16–18. Because the record before us does not support the assertion that Cheema was re-detained, his arguments concerning his substantive rights and parole-revocation procedures are likewise unavailing.

## III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Petition (R. Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** this 28th day of September, 2026.

Jerry Edwards, Jr.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**